UNITED STATES of America, Appellee,

v.

**Miguel GONZALEZ VARGAS, Defendant, Appellant.**

No. 75–1480.

United States Court of Appeals, First Circuit.

Argued Feb. 8, 1977.

Decided June 24, 1977.

---

Michael D. Ratner, New York City, with whom Margaret L. Ratner, New York City, was on brief, for defendant, appellant.

Mervyn Hamburg, Atty., Dept. of Justice, Washington, D. C., with whom Julio Morales Sanchez, U. S. Atty., San Juan, P. R., and Sidney M. Glazer Atty., Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before COFFIN, Chief Judge, VAN OOSTERHOUT * and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This appeal arises out of the same circumstances described in *United States v. Lespier*, 558 F.2d 624 (1st Cir. 1977), issued this day. Appellant's selective service prosecution was the occasion for the courtroom disturbance, which was followed by the melee, assaults on deputy marshals, lineup, identifications, and prosecutions relevant both to *Lespier* and the instant case. Appellant was indicted for assaulting two of the deputies. His case, originally consolidated with those of the five defendants in *Lespier*, was continued because of appellant's physical condition and took place two weeks after the trial of the five.

We have disposed of two of the issues appellant raises in *Lespier*: the validity of the lineup and of the initial arrests. There remain three issues peculiar to this case: the propriety of the prosecutor's summation, the correctness of the court's limitation of cross-examination on identification procedures, and the prosecution's alleged failure to turn over exculpatory materials.

The major issue that concerns us is the nature of the prosecutor's summation. While very brief, taking about three pages of transcript, his major argument contained no fewer than four affirmations of personal belief. On the first occasion he said, "I don't believe that there is any doubt that the Defendant did strike at these two persons." Defense counsel asked to approach the bench and objected preventively; that is, he did not move for a mistrial but urged that while it would be proper to make an analysis of the facts, "personal beliefs as considered by the Court time and time again [have been held] to be objectionable." The court responded, "I think it is not improper argument. It is what he understands has been proven."

* Of the Eighth Circuit, sitting by designation.

A few moments later the prosecutor, referring to a defense witness' admission that a policeman, who she said had threatened her, did not strike her, said "I believe this also proved the caliber of the law enforcement officers that were there that day." Eight lines of transcript later, the prosecutor said, "I personally believe that I have proven the case of the United States much more beyond a reasonable doubt as the law requires but beyond any doubt." And, after one intervening sentence, "I personally believe that the United States has proven to you that the Defendant did strike these 2 people without just provocation. Thank you very much."

In his rebuttal argument the prosecutor returned to his favorite verb with "What happened was, and I believe the testimony there in Court to prove it, that there was a demonstration and these 2 Marshals were hit by the Defendant."

Of course we reverse. We do so unhappily, because the trial was otherwise a good trial. The court gave every consideration to appellant and his counsel. And the prosecutor, during the examinations, lived up to high standards. Three days of time of court, jurors, counsel, witnesses, and court personnel were wasted by the unthinking phrasing of a few moments, in utter disregard of our constant admonitions against a representative of the United States throwing his personal convictions into the balance. *Greenberg v. United States*, 280 F.2d 472, 475 (1st Cir. 1960); *Kitchell v. United States*, 354 F.2d 715 (1st Cir. 1966); *Patriarca v. United States*, 402 F.2d 314 (1st Cir. 1968); *United States v. Cotter*, 425 F.2d 450, 453 (1st Cir. 1970); *United States v. Miceli*, 446 F.2d 256 (1st Cir. 1971); *DeChristoforo v. Donnelly*, 473 F.2d 1236, 1238 & n. 1 (1st Cir. 1973). *See also* American Bar Association, Code of Professional Responsibility and Code of Judicial Conduct, as amended, August 1976, Rule 7–106, pp. 36–C, 37–C.

■ Appellee, to its discredit, argues that the prosecutor's remarks were rendered of no consequence by (1) the fact that the remarks did not suggest that extrinsic evidence of guilt existed; (2) the voir dire had purged the venire of any jurors who might favor law enforcement officials; (3) the court's instruction that arguments of both counsel were not evidence; and (4) the prosecutor's final comment that justice would prevail whether appellant were convicted or acquitted. Were any or all of these arguments in combination to have any force, a prosecutor could with impunity import his personal vouching into his argument at almost any point. The point is that the representative of the government approaches the jury with the inevitable asset of tremendous credibility—but that personal credibility is one weapon he must not use. This kind of issue is a melancholy one, for there is always an equally, or more effective, way of making a point. We add only that here there were none of the extenuating circumstances that have so often caused us to stay our hand—provocation by the defense, absence of an objection, or a timely curative instruction directed particularly to the prosecutor's comments. *See Patriarca v. United States, supra*, 402 F.2d at 320; *United States v. Cotter, supra*, 425 F.2d at 453.

■ The other issues deserve attention, if scant, in the event that there is a new trial. We think that the court was unduly restrictive in barring cross-examination of the identifying eyewitnesses about the circumstances of the lineup. While the court had previously ruled that the lineup passed the constitutional litmus, and despite the failure of defense counsel to buttress his request with authorities, it should be open to a defendant to pursue "a course of cross-examination at trial which exposes to the jury the method's potential for error", *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), which could affect the credibility of in-court identification. *See United States v. Evans*, 484 F.2d 1178, 1185 (2d Cir. 1973). *Cf. Foster v. California*, 394 U.S. 440, 442 n.2, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).

■ As for the challenge to the prosecutor's alleged failure to turn over exculpatory materials, we find no suggestion in the

transcript that there were any such data. Appellant rests his argument on an assertion in one of his briefs before the district court that the prosecutor had admitted the possession of exculpatory information, and the prosecutor's failure to deny this allegation. This is not the stuff of which solid appeal points are made. But we would urge, in any future litigation, faithful compliance with the letter and spirit of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

*Judgment vacated and cause remanded for new trial in accordance with this opinion.*