■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BURWELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 4, 1977, convicting him of resisting arrest, upon a jury verdict, and imposing sentence. Judgment affirmed. During the trial, the arresting officer testified that when he asked the defendant and his accomplice what they were doing, the accomplice replied: "None of your * * * business." The defendant then stated: "What are you going to do, shoot me?" Defendant contends on this appeal, *inter alia,* that it was error for the trial court to have denied his motion for a mistrial because the People never served him with a notice of intent to use such a statement (see CPL 710.30, subd 1). The trial court properly held that the proffered testimony was inadmissible (see *People v Briggs,* 38 NY2d 319). However, in view of the court's curative instruction, which was immediately given to the jury, and the weight of admissible evidence indicating a lawful arrest, the error must be considered to have been harmless beyond a reasonable doubt (see *People v Crimmins,* 36 NY2d 230). Additionally, while the jury charge on the crime of resisting arrest was not perfect, when read in its entirety we find that the correct rule of law was given. Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE P. CARDELLA, Appellant.—Judgment of the County Court, Nassau County, rendered April 22, 1977, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPLR 460.50 (subd 5). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE DAVIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 24, 1976, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of assault in the second degree, and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. Under the facts of this case, assault in the second degree was an inclusory concurrent count of robbery in the second degree. Accordingly, the assault conviction must be reversed and the said count dismissed. Were it not for the overwhelming evidence of guilt in this case, it would be necessary to reverse the robbery conviction as well, due to the improper conduct of the prosecutor. The prosecutor repeatedly asked the defendant whether he thought the prosecutorial witnesses were lying. This tactic was condemned in *People v Mariable* (58 AD2d 877). It is irrelevant whether the defendant believed other witnesses were lying. The error was compounded by the excessive emphasis of that issue before the jury during the summation. However, the overwhelming evidence of guilt warrants an affirmance of the robbery conviction (see *People v Crimmins,* 36 NY2d 230). Latham, J. P., Suozzi, Margett and Hawkins, JJ., concur.