**STATE of Maine**

v.

**Philip G. SMITH.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1982.

Decided Feb. 17, 1983.

Janet T. Mills, Dist. Atty., J. Scott Davis, Asst. Dist. Atty. (orally), South Paris, for plaintiff.

Becker & Olmstead, P.A., Peter J. Becker (orally), Bridgton, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

GODFREY, Justice.

Defendant, Philip G. Smith, appeals from a judgment convicting him of assault, 17–A M.R.S.A. § 207 (1983), after a jury trial in Superior Court, Oxford County. Defendant contends, among other things, that he was deprived of a fair trial by prejudicial com-

ments in the prosecutor's closing argument. We agree and remand for a new trial.

The case arose out of an incident occurring on November 14, 1980 at Gould Academy in Bethel, Maine. Soon after 10:00 p.m., a woman student unlocked a basement door of Gehring Hall, a dormitory for women, allowing defendant Smith to enter. Smith was confronted by James Haskell, a security guard, and a fight ensued. Stephen Chandler, a teacher on duty as a supervisor, arrived on the scene and became involved in the scuffle. Perceiving that the situation was getting out of control, Chandler told Haskell to call the police. By the time Haskell returned, defendant had departed and Chandler was lying at the foot of the basement stairs.

Smith was tried on two charges, for assaults on Stephen Chandler and James Haskell. The trial essentially pitted Smith's credibility against that of Chandler and Haskell. The two men testified that defendant was the aggressor, and defendant countered that he was defending himself from the use of unreasonable force on their part. The jury acquitted Smith of the charge of assaulting Haskell but found him guilty of assaulting Chandler.

In closing argument, the prosecutor several times asserted that Smith had lied on the stand. With respect to certain testimony of defendant at trial that apparently conflicted with a prior statement he had made at a civil deposition arising out of the same incident, the prosecutor commented, "He [defendant] gets caught lying and he can't even admit it." In his rebuttal argument, the prosecutor told the jury, "You people are smarter than that, to let him [defendant] come in here and tell you he was telling the truth because he wasn't." Defense counsel did not object to those statements.

Finally, the prosecutor closed his rebuttal argument with the statement: "You tell Philip Smith if he should be accountable for what he did and held responsible for what he did or you tell him it's okay to lie." Not immediately but after the trial justice had given his instructions to the jury, defense counsel objected to that closing comment and asked for a corrective instruction, moving in the alternative for a mistrial. The trial justice refused the instruction and denied the motion, saying that the argument was "legitimate" and did not work an "unlawful prejudice" against the defendant.

The prosecutor's concluding remark amounted to an expression of his personal opinion that defendant had lied and hence was guilty. The jury could have entertained no doubt that that was the purport of the remark in view of the earlier statements, quoted above, in his summation. Although not objected to, those statements made clear the meaning of his final remark: the prosecutor was conveying his opinion that Smith had lied and was therefore guilty.

■ It was improper for the prosecutor to assert his opinion that defendant was lying. M.Bar R. 3.7(e)(2)(v).[1] Although the prosecutor may properly attack defendant's credibility by analyzing the evidence and highlighting absurdities or discrepancies in defendant's testimony, and may present his analysis in summation with vigor and zeal, he may not properly convey to the jury his personal opinion that a defendant is lying. If the defendant had objected promptly, it would have been error for the trial justice to refuse to give a corrective instruction when requested to do so. *United States v. Modica,* 663 F.2d 1173, 1178–81 (2d Cir.1981) (dictum), *cert. denied,* —— U.S. ——, 102

1. M. Bar R. 3.7(e) provides, in pertinent part, as follows:

 ....
 (2) In appearing in his professional capacity before a tribunal, a lawyer shall not:
 ....

(v) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness ... or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated therein ....

S.Ct. 2269, 73 L.Ed.2d 1284 (1982);[2] *United States v. Gonzalez Vargas,* 558 F.2d 631, 633 (1st Cir.1977).[3] *See also United States v. Bess,* 593 F.2d 749, 757 (6th Cir.1979) (prosecutor's statement of his belief in defendant's guilt). The reason for the rule has been stated as follows:

> The policies underlying this proscription go to the heart of a fair trial. The prosecutor is cloaked with the authority of the United States Government; he stands before the jury as the community's representative. His remarks are those, not simply of an advocate, but rather of a federal official duty-bound to see that justice is done.

*Modica,* 663 F.2d at 1178. The United States Court of Appeals for the First Circuit has said:

> The point is that the representative of the government approaches the jury with the inevitable asset of tremendous credibility—but that personal credibility is one weapon he must not use.

*Gonzalez Vargas,* 558 F.2d at 633.

 Defendant's objection to the improper remark and his request for a corrective instruction came after the trial justice had already given his charge to the jury. The state contends that no special corrective instruction was then necessary because, in the course of his charge, the justice had already told the jury that the opening and closing statements of the attorneys were not evidence. Generally speaking, the trial justice's duty to give a corrective instruction in cases of this type is not satisfied by such a mere pattern statement in the court's general charge. *E.g., Modica,* 633 F.2d at 1182; *Gonzalez Vargas,* 558 F.2d at 633. The impropriety of an assertion by the prosecutor conveying his personal view that the defendant has lied or is guilty, is con-

sidered serious enough to require an instruction addressed specifically to the improper assertion. *Gonzalez Vargas,* 558 F.2d at 633. *See also State v. Farrell,* 61 N.J. 99, 293 A.2d 176 (1972) (statement of, *inter alia,* prosecutor's belief in defendant's guilt).

However, the present case appears to be without precedent in that the request for corrective instruction was made after, rather than before, the general charge to the jury. At such a late stage of trial, a judge might justifiably refuse, in an appropriate case, to give further, specific corrective instructions on the ground that they would unduly emphasize the prosecutor's conduct, diverting the jury's attention from the merits of the case. This Court would review that refusal under an abuse-of-discretion standard. Here, however, since the trial justice had found no impropriety in the comments his denial of the defendant's request was not the result of any discretionary balancing of interests. He could hardly have exercised any discretion, having found the comments "legitimate" in the first place. *Cf. State v. Mason,* 408 A.2d 1269, 1272 (Me.1979) (no exercise of discretion where trial justice admitted evidence without considering effect of state's discovery violation).

 In the circumstances it was error for the trial justice not to have given a specific corrective instruction even at that late point in the trial. He must have taken note of the earlier improprieties in the prosecutor's summation even though no objection had been made to them, and should have recognized that the cumulative impact called for some sort of redress.

---

2. In *Modica,* the court said:

> The trial court erred in overruling appellant's objection. The judge should have stricken the remark and immediately instructed the jurors to the effect that they could consider no evidence other than that presented to them; that the prosecutor was an advocate, not a sworn witness; and that

they must treat the prosecutor's assertion as to the witness's veracity as non-evidentiary argument that they were free to reject.
663 F.2d at 1179.

3. *See generally* Vess, *Walking a Tightrope: A Survey of Limitations on the Prosecutor's Closing Argument,* 64 J.Crim.L. & Criminology 22 (1973).

Hence the remaining question, whether the error was harmless or substantially prejudicial, must be resolved by resort to the record. In this case, the trial justice's finding that the impropriety worked no "unlawful prejudice" cannot have the usual effect of a discretionary ruling on substantiality of prejudice since he had found no impropriety at all in the prosecutor's remarks. *See Mason,* 408 A.2d at 1272.

In the state's favor on the question of prejudice is the fact that the prosecutor did not assert his opinion on any basis that he had damaging secret information about the defendant. At least the jury had all the information it needed to assess the correctness of the prosecutor's opinion on defendant's veracity. Also, it does not appear that the prosecutor's misconduct was deliberate in the sense that he engaged in it with full awareness of its impropriety. It seems more likely that he thought mistakenly that his remarks were a fair comment on the evidence.

On the other hand, the evidence against Smith was not overwhelming—a feature of the case distinguishing it from most of the cases holding similar error harmless. *See Modica,* 663 F.2d at 1181–82. The credibility of the participants in the fight was crucial, and the prosecutor's improper remarks went directly to that issue.

The state argues that the acquittal of defendant on the charge of assaulting Haskell shows that the jury was not unduly swayed by the prosecutor's improper comments because it must have found defendant's testimony at least partly credible. But that acquittal, considered in contrast with the guilty verdict on the Chandler charge, is equally suggestive of the possibility that the prosecutor's remarks played a significant role in the jury's decision. The parts of Smith's testimony prompting the prosecutor's comments related more directly to Smith's encounter with Chandler than to his encounter with Haskell. Moreover, to the extent that the state's argument acknowledges some credibility in Smith's account of the fight, it further highlights the impropriety of the prosecutor's comments.

On this record, we cannot find it highly probable that the jury's determination of defendant's guilt was unaffected by the improper assertions of the prosecutor. *See State v. Reilly,* 446 A.2d 1125 (Me.1982); *State v. True,* 438 A.2d 460, 467 (Me.1981).

The entry is:

Judgment vacated.

Remanded for a new trial.

All concurring.