STATE of Maine

v.

Linwood H. TRIPP, Sr.

Supreme Judicial Court of Maine.

Argued Nov. 3, 1993.

Decided Jan. 4, 1994.

Janet T. Mills, Dist. Atty., Joseph M. O'Connor (orally), Asst. Dist. Atty., South Paris, for the State.

Gene R. Libby (orally), Verrill & Dana, Kennebunk, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Defendant Linwood Tripp, Sr., appeals from a judgment entered in the Superior Court (Oxford County, *Brodrick, J.*) on a jury verdict convicting him of three counts of gross sexual assault.[1] Defendant contends that the State was guilty of misconduct during trial and that certain evidence should have been excluded. We agree that the State's questioning of defendant whether another witness lied and the prosecutor's statement of personal opinion in closing argument concerning the credibility of witnesses constitute obvious error. We therefore vacate the judgment.

Defendant was charged with six counts of gross sexual assault following an accusation that he repeatedly sodomized his son. At trial, the victim testified that starting when he was five and continuing until he was eight defendant orally and anally raped him during parental visits. Dale Whitney, the first person to hear the victim describe the abuse, related a graphic statement the victim made to him.[2]

Defendant testified on his own behalf. On direct examination, defendant stated that the events described by his son were not true.[3] On cross-examination, the State asked a number of questions about whether the victim had lied.[4] Defendant's trial counsel did not object to any of these questions.

During closing arguments, the State commented on the truth of defendant's and the victim's testimony.[5] Defendant did not ob-

---

1. "A person is guilty of gross sexual assault if that person engages in a sexual act with another person and ... [t]he other person, not the actor's spouse, has not in fact attained the age of 14 years." 17-A M.R.S.A. § 253(1)(B) (Supp.1992).

2. Q. What did [the victim] say to you at that time?....
   A. ... He said, I put a penis in my mouth.

3. Q. You heard the explicitness of the allegations that [the victim] has made?
   A. Yes.
   Q. That are not true?
   A. No, they are not.

4. Q. You heard your son testify?
   A. Yes, I did.
   Q. It's your testimony that he was lying?
   A. Yes.
   Q. When he talked about being in the outhouse and standing on the toilet seat with his hand up against the wall and your standing behind him he was lying?
   A. Never happened.
   Q. He talked about white fuzzy stuff coming out of your penis. He was lying?
   A. Yes, sir.
   Q. He talked about throwing up. He was lying?
   A. Yes, he was.
   Q. When he talked about the blood that he saw in the light of the flashlight in the car that was a lie?
   A. Yes, sir.
   Q. So your son lied about all of this?
   A. Yes.

5. "What this case boils down to is the testimony of that nine-year-old boy who sat there and took the oath to tell the truth and who told you the truth. He told you what happened to him. He told you what his father did to him. He

ject. The jury convicted defendant on three of the six counts.

■ On appeal, defendant first contends that the State's questions about whether the victim lied are obvious error. The State agrees that the questions were improper, but argues that they do not amount to obvious error. Under the obvious error test, we must

apply [our] best judgment to the entire record of the case to determine whether unobjected-to evidence that was inadmissible at the time received at trial was in its probable effect on the jury a seriously prejudicial error. *See State v. True*, [438 A.2d 460, 467 (Me.1981)]. "The particular circumstances, weighed with careful judgment, will determine whether the obviousness of the error and the seriousness of the injustice done to the defendant thereby are so great the Law Court cannot in good conscience let the conviction stand." *Id.* at 469.

*State v. Dube*, 598 A.2d 742, 744 (Me.1991). The error here is obvious. "Cross-examination that tries to push a defendant into saying other witnesses lied is *impermissible.*" *State v. Steen*, 623 A.2d 146, 148 (Me.1993) (emphasis in original) (*quoting State v. Commeau*, 409 A.2d 247, 249 n. 1 (Me.1979)). "Determining what credence to give to the various witnesses is a matter within the *exclusive province* of the jury." *Id.* at 149 (emphasis in original) (*quoting State v. Crocker*, 435 A.2d 58, 77 (Me.1981)). Furthermore, Maine Rule of Evidence 701(b) allows a lay witness to express only those opinions "which are ... helpful to a clear understanding of his testimony or the determination of a fact in issue." An opinion "is not 'helpful' under this provision if relating what he observed would put the jury in the position to come to its own conclusion." M.R.Evid. 701 advisers' note. In the present situation, the jury had heard both the victim and defendant testify as to their observations. The jury was already in a position to come to its own conclusions, so asking defen-

dant whether the victim lied was an obvious error.

The error was also serious. As the New York Appellate Division held in *People v. Davis*, 63 A.D.2d 685, 404 N.Y.S.2d 661, 662 *lv. to appeal denied* 45 N.Y.2d 779, 409 N.Y.S.2d 1036, 381 N.E.2d 171 (1978) (*cited in State v. Commeau*, 409 A.2d 247, 249 n. 1 (Me.1979)), improperly questioning a defendant about whether other witnesses lied requires reversal except where there is "overwhelming" evidence of guilt. The present case turned on the credibility of defendant and the victim. Other than the testimony of the victim, there was no direct evidence of guilt and limited circumstantial evidence. The jury was required to determine credibility in a close case, and for this reason the State's questioning of defendant regarding whether the victim lied was prejudicial and constitutes reversible obvious error.

■ Defendant contends that the State's closing argument also was improper because the prosecutor stated that defendant had lied. The State argues that its closing argument was proper. An attorney may not "[a]ssert a personal opinion ... as to the credibility of a witness." M.Bar R. 3.7(e)(2)(v); *see also State v. Steen*, 623 A.2d 146, 149 (Me.1993). In *Steen*, the prosecutor in closing argument said, "I suggest to you, ladies and gentlemen, that [the expert's] opinion is based on $2,500, the money the defendant paid him for his testimony." 623 A.2d at 149. We held that this was error because the prosecutor "clearly suggested to the jury that she thought th[e] witness [was] lying." *Id.* "[I]t is impermissible for a prosecutor to assert that the defendant lied on the stand." *Id.* (*citing State v. Smith*, 456 A.2d 16, 17 (Me.1983)). *Smith* was based on Bar Rule 3.7(e)(2)(v), which prohibits *any* statements of personal opinion as to the credibility of a witness—whether to the effect that one lied or told the truth. *See* M.Bar R. 3.7(e)(2)(v).

told you in incredible detail. He told you in detail which I submit a child would not make up, a child would not fantasize. A child would not imagine. He told you things that a child would not lie about, a child would not be told to say, details of what happened.

"I am going to talk about other evidence because that is other evidence in this case. I will come back and because it does all come down to [the victim] and Linwood Tripp, Sr., because one of them wasn't telling the truth. One of them was lying here to all of us."

In closing argument, the State here first said "that nine-year old boy ... *told you the truth.* He told you what happened to him. He told you what his father did to him." The State then said "it does all come down to [the victim] and Linwood Tripp, Sr., because one of them wasn't telling the truth. *One of them was lying here to all of us.*" The clear implication is that the prosecutor believed that the victim told the truth but defendant lied. In a close case such as we have here, this constitutes serious obvious error and requires reversal.

Although we vacate defendant's conviction based on the errors discussed above, we address one other issue for guidance of the court and counsel in the event of a retrial. *See State v. Reilly,* 446 A.2d 1125, 1130 (Me. 1982).

■ Defendant contends that the testimony of Dale Whitney regarding the statement the victim made to him was hearsay and should have been excluded. The State argues that the testimony properly related a "first complaint" of sexual abuse and was therefore properly admitted. The "first complaint" rule allows hearsay statements concerning "the bare fact that a complaint has been made but not further details." *State v. Palmer,* 624 A.2d 469, 471 (Me.1993) (*quoting State v. Dube,* 598 A.2d 742, 744 (Me.1991)). In particular, statements of the perpetrator's identity are not allowed. *Id.* In the present case, the hearsay statement was that the victim said, "I put a penis in my mouth." This does not identify defendant in any way, and is simply a statement that abuse had taken place. Although it is a graphic statement, it is admissible as a first complaint.

The entry is:

Judgment vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

ROBERTS, GLASSMAN, COLLINS and RUDMAN, JJ., concurring.

CLIFFORD, Justice, dissenting.

I agree with the court that some of the questions asked of Tripp by the prosecutor constituted error. *State v. Steen,* 623 A.2d 146, 148 (Me.1983); *State v. Commeau,* 409 A.2d 247, 249 n. 1 (Me.1979). I also agree that the prosecutor is prohibited from expressing his personal opinion as to the credibility of a witness. M.Bar.R. 3.7(3)(2)(v). In the context of this case, however, I disagree that any of the claimed error is so obvious, or the seriousness of the injustice done so great, that we should vacate the convictions. Therefore, I respectfully dissent.

An appellate court should be "reluctant to reverse a judgment on the basis of an error not brought to the attention of the trial court." *State v. Borucki,* 505 A.2d 89, 94 (Me.1986). The review of obvious error is "exercised cautiously and only when necessary to prevent a clear miscarriage of justice." *State v. True,* 438 A.2d 460, 468 (Me. 1981).

This case is unlike *Steen,* where the errors were preserved. In *Steen,* there was no doubt that the sexual act took place; the only issue was whether there was consent. In this case, however, Tripp confronted the charges directly, denying that any sexual act occurred. He attacked the victim's story from the outset as being entirely fabricated and even suggested a motive for the victim's lies; the victim's perception that Tripp, his father, had virtually abandoned him. His failure to object to the State's questions and to the closing argument was entirely consistent with his defense strategy. In his closing argument to the jury, Tripp's able and experienced attorney stated, "It ultimately comes down to either ... [the victim] or [Tripp] is lying. Either the assaults occurred or they didn't." Tripp's defense strategy failed. He should not be rewarded with a new trial simply because that strategy did not succeed.

Viewing the record in its entirety, the claimed errors are not so obvious nor is the seriousness of the injustice done to the defendant so great that the convictions should be disturbed. *State v. Dube,* 598 A.2d 742, 744 (Me.1991). I would affirm the judgments.