STATE of Maine

v.

Richard DOAK.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 1, 1994.
Decided Dec. 19, 1994.

Janet Mills, Dist. Atty., Auburn, for the state.

Mark Randlett, Peters & Randlett, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant Richard Doak appeals from a judgment of conviction entered in the Superior Court (Androscoggin County, *Alexander, J.*) following a jury verdict finding him guilty of assault on a child. 17–A M.R.S.A. § 207 (1983 & Supp.1994). Defendant contends that the court erred in finding a child witness competent to testify and in limiting defendant's *voir dire* of that witness. Further, he argues that prosecutorial statements during closing argument deprived him of a fair trial, and that the evidence is insufficient to support his conviction. We affirm the judgment.

The evidence at trial may be summarized as follows: The alleged victim (then two and one-half years old) and her sister (then five and one-half years old) lived with their mother. On March 5, 1993, the father of the victim's sister brought the victim and her sister to defendant's apartment where they spent the night with defendant, defendant's girlfriend, and the father. The victim's mother testified that she noticed marks and burns on the victim when she was returned on March 6.

After the Maine Department of Human Services (DHS) received an anonymous referral about the victim's injuries, a DHS employee, on March 12, examined the victim, took pictures, and suggested to the victim's mother that she have the child seen by a doctor and that she call the police. The victim's mother brought her to see a physician on March 15. The physician testified that he observed four discrete lesions at the base of the victim's spine, which were close to being healed. Based on the photographs taken by DHS and his own examination, the physician expressed an opinion that the injuries were caused by cigarette burns. He testified that the injuries were consistent with having occurred on March 5, but also that in his judgment, the injuries could have been suffered anytime between March 3 and March 9.

Prior to the trial, the court held a *voir dire* examination of the victim's sister, and subsequently ruled that she was competent to testify. The sister testified at trial that, while at "Rick's" apartment, she saw "Rick" burn the victim's back with a cigarette and punch her in the back. She was unable, however, to identify defendant as the "Rick" that she referred to.

Defendant testified that he did not cause the victim's injuries, and that he was never alone with her during that evening. The father of the victim's sister and defendant's girlfriend also testified that defendant was not alone with the girls at any point during the time in question, and that they did not see defendant do anything to harm the victim. The jury found defendant guilty, and he appeals.

## I. Competency of Child Witness and Limitation of Voir Dire

Defendant argues that the court erred in finding the victim's six and one-half year old sister competent to testify. He contends that two requirements of M.R.Evid. 601(b), that the proposed witness be capable of understanding her duty to tell the truth and have a reasonable ability to remember the matter, were not met. We review the court's decision on competency to testify for clear error, State v. Rippy, 626 A.2d 334, 337 (Me.1993), and find none. The record contains sufficient evidence on both these points to support the court's ruling on competence.

■ Defendant also argues that the court erroneously limited defendant's voir dire of the victim's sister concerning her ability to remember events at or around the time of the alleged incident. When questioned whether she knew who was at defendant's house the night at issue, the State objected. The court sustained the objection, instructing that "We have fairly limited inquiry here. This is not cross examination." A general discussion of our decision in Rippy followed. Defendant then asked no more questions of the child witness. We review the court's ruling for an abuse of discretion. State v. Robinson, 628 A.2d 664, 666 (Me.1993).

In Rippy, we found that the evidence did not support a finding that a child witness was competent to testify because "[s]he was unable to recall even basic aspects of her life as it was in 1983 other than the detailed description of the events of the one day on which she was allegedly assaulted." 626 A.2d at 337. Our opinion in Rippy does not address the scope of voir dire, but defendant argues that Rippy requires the court to allow inquiry into the circumstances surrounding the actual offense. On this record, we need not define the outer limits of voir dire. Because defendant did not attempt to ask any further questions following the discussion concerning Rippy, we do not know whether the court would have disallowed any further inquiry. The objection to competency could have been renewed during trial if the witness displayed an inability to remember. Furthermore, prior to the objection, the court did allow inquiry into who her teacher was

the previous year, where she lived last year, who lived with her, and who took care of her. Given the state of the record, we find no abuse of discretion.

## II. Prosecutorial Comments on Credibility in Closing Argument

■ Despite the absence of any objection, defendant argues that the State made several improper statements regarding the credibility of witnesses during closing argument. We review for obvious error. State v. Comer, 644 A.2d 7, 9 (Me.1994).

Judging the credibility of witnesses is the exclusive function of the jury. State v. Steen, 623 A.2d 146, 149 (Me.1993). Pursuant to M. Bar R. 3.7(e)(2)(v), a lawyer shall not "[a]ssert a personal opinion ... as to the credibility of a witness ...; but a lawyer may argue, on the lawyer's analysis of the evidence, for any position or conclusion with respect to matters stated therein[.]" This rule applies with particular force to a prosecutor, who is "cloaked with the responsibility of promoting justice, not just winning cases." State v. Marshall, 628 A.2d 1061, 1062 (Me.1993). The rule prohibits any statements of personal opinion regarding the credibility of a witness—whether to the effect that a witness lied or told the truth. State v. Tripp, 634 A.2d 1318, 1320 (Me.1994).

In the present case, the prosecutor never expressly stated that the child witness was telling the truth. Rather, having reviewed the witness's testimony, and the factors bearing on her credibility, the prosecutor said "That's credible." Although we disapprove of the use of such a statement, we are unable to conclude that the error was so highly prejudicial that it tainted the proceedings and deprived defendant of a fair trial. Examining the argument as a whole, we find that it is unlikely that the jury focused on anything but the evidence. See Comer, 644 A.2d at 10.

■ Finally, reviewing the evidence in the light most favorable to the prosecution, State v. Barry, 495 A.2d 825, 826 (Me.1985), we find that the jury rationally could have found that defendant was guilty of assault on a child. Despite the sister's inability to identi-

fy defendant, there was sufficient circumstantial evidence to establish his identity as the person she observed at the apartment.

The entry is:

Judgment affirmed.

All concurring.