COMMONWEALTH *vs.* KENNETH LITTLETON. No. 94-P-50. May 3, 1995. *Practice, Criminal*, Cross-examination by prosecutor, Instructions to jury, Reasonable doubt, Verdict. *Constitutional Law*, Double jeopardy.

The defendant appeals from a conviction of possession of heroin. He was apprehended in these circumstances: two police officers, patrolling the Mission Hill area of Boston in a cruiser at 10:00 P.M. on February 27, 1993, observed the defendant showing something in his hand to a female and decided to investigate. As the officers exited from the cruiser, a bystander shouted "five-O," meaning police, and the defendant fished in his pocket and dropped to the ground a yellow glassine baggie of a type Officer Connelly, an experienced drug enforcement officer, associated with heroin packaging. He retrieved the baggie (as well as several other glassine bags lying on the ground near the defendant)[1] and arrested the defendant. The baggie that he saw the defendant drop contained heroin, according to the report of the State police laboratory.

There is no merit whatever to the defendant's contentions that the heroin should have been suppressed (doubtless the reason that trial counsel did not move for suppression) or that the judge should have granted the motion for a required finding of not guilty. The prosecutor's question to the defendant, on cross-examination, whether Officer Connelly "was mistaken" in testifying that the defendant backed away from him was a lapse into a form of questioning disapproved in *Commonwealth* v. *Long*, 17 Mass. App. Ct. 707, 708 (1984), but not one that, under these circumstances, raises a question of reversal. See *Commonwealth* v. *Johnson*, 412 Mass. 318, 328 (1992); *Commonwealth* v. *Elam*, 412 Mass. 583, 586 (1992); *Commonwealth* v. *Flanagan*, 20 Mass. App. Ct. 472, 478 (1985). Perhaps more unsettling was the exchange wherein the defendant was asked if he recalled testifying previously "that you were arrested for disorderly, and you gave the officers a hard time, and that's why they charged you with drugs?" The defendant's denial and the bickering that followed (A. "Ma'am, I didn't say that." Q. "You did say that." A. "I did not say that, ma'am.") did not efface the suggestion of prior testimony that had not been put properly in evidence. Still, the exchange, while clumsy, did

---

[1] Analysis showed these other glassine bags to contain cocaine, but the defendant was found not guilty of possessing them.

not rise to the level of a possible miscarriage of justice (no objection having been taken), because the error was not significant in the context of the trial, and the evidence of guilt was strong. See *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986); *Commonwealth* v. *Almon*, 30 Mass. App. Ct. 721, 725 (1991).

The other alleged errors are similarly unavailing. The judge's reasonable doubt instruction, deviating significantly from the approved charge set forth in *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850), in only one line,[2] did not remove the "moral certainty" language from a context that stressed the high degree of certainty required for conviction. See *Commonwealth* v. *Pinckney*, 419 Mass. 341, 345 (1995). Still, as that case teaches, any deviation from the approved *Webster* language invites rigorous appellate scrutiny, and, as there seems to be no reason not to follow the *Webster* language precisely, judges are well advised to do so, at least until an alternate charge has been suggested by the Supreme Judicial Court.

Lastly, the defendant, by attacking as error the judge's instruction that the jury's verdict, whether guilty or not guilty, must be unanimous, seeks to overturn the settled law that retrial of a defendant where the jury has been unable to arrive at a verdict does not violate the constitutional strictures against double jeopardy. It is not the function of this court, however, to reexamine and revise settled law. See *Burke* v. *Toothaker*, 1 Mass. App. Ct. 234, 239 (1973).

*Judgment affirmed.*

*Lisa J. Stephani* for the defendant.
*Edmond J. Zabin*, Assistant District Attorney, for the Commonwealth.

---

[2]The change referred to is the addition of the emphasized words in this sentence: "A charge is proved beyond a reasonable doubt if after you've compared and considered all the evidence, you have in your minds an abiding conviction to a moral, *but not necessarily absolute*, certainty that the charge is true." The original *Webster* language is: "It [referring in context to reasonable doubt] is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge." *Commonwealth* v. *Webster*, 5 Cush. at 320.