STATE of Maine

v.

Wayne CLOUGH, Edward Barnes, Peter Panetti, Henry Alcantara.

Supreme Judicial Court of Maine.

Sept. 29, 1978.

Henry N. Berry, III, Dist. Atty., Thomas L. Goodwin, Asst. Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Stephen M. Sumner (orally), Law Student, for plaintiff.

Ellsworth T. Rundlett, III, (orally), Portland, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, and NICHOLS, JJ.

GODFREY, Justice.

Like *State v. Voisine,* Me., 391 A.2d 1196 (1978), this case arose out of the payroll padding scheme in the Portland Public Works Department. The trial in this case was held two months after the trial of Voisine. With some exceptions, the evidence before the jury was similar to that described in the *Voisine* case. Like Voisine,

appellants were indicted for conspiracy to commit the crime of cheating by false pretenses and for cheating by false pretenses under former 17 M.R.S.A. §§ 951 and 1601. Appellants were four of the six employees who were most often overpaid.

As in *Voisine*, the evidence before the jury included the testimony of an outside auditor who demonstrated how each appellant had been overpaid by about $50 on about twenty occasions. Once again Roderick Morgan related his story of how he had padded the time records with resulting overpayment of appellants. Morgan again admitted that he had received kickbacks from some recipients and that some knew of the scheme. Again he testified that some did not give kickbacks, that some might not have known of the overpayments, and that he did not remember which ones knew of the scheme or paid kickbacks. Once again Mr. Flaherty related a prior inconsistent statement by Morgan in which Morgan had described a firm kickback scheme. In this trial there was no objection to Mr. Flaherty's testimony.

This case differed from the *Voisine* case in that a payroll clerk called by the State testified to a prior conversation with Morgan in which Morgan described a firm kickback scheme. There was no hearsay objection to the clerk's testimony. Appellants called several defense witnesses whose testimony tended to show that overtime arrangements under the applicable union bargaining agreement were complex. The purpose was to show that appellants might not have known they were being overpaid.

The trial court instructed the jury on a conspiracy theory and a false pretenses theory. In contrast to *Voisine*, the court charged the jury that a finding of conspiracy was not a prerequisite to a conviction on the false pretenses count. Appellants were acquitted on the conspiracy count and convicted on the false pretenses count. The principal ground of their appeals is that the evidence was insufficient to support the verdict and that the trial justice should have directed a verdict of acquittal. We must deny their appeals.

▮ In his final charge to the jury, after stating the elements of the offense of cheating by false pretenses, the trial court instructed the jury that in order to convict on Count II they must find

"that there was the making of a pretense, that the defendants, individually or collectively, made or authorized such a pretense, that the pretense was false, they deceived the City of Portland, and money was obtained under such pretense."

There was no error in the instructions. *See State v. Kerr*, 117 Me. 254, 103 A. 585 (1918). From the evidence that appellants repeatedly cashed weekly pay checks that included overpayments averaging about $50 each and kept the proceeds, the jury was justified in finding beyond a reasonable doubt that appellants knowingly ratified or adopted the activity that was causing the overpayment, and that they acted with intent to defraud the city. The evidence was sufficient to support the jury finding.

▮ Appellants contend that the trial court erred in excluding certain evidence. First, the trial court did not permit appellants' counsel to cross-examine Roderick Morgan about alleged specific troubles in his private life. The defense asserted that the examination would be relevant to their claim that Morgan really did forget who made kickbacks. A trial justice has broad discretion in determining whether the probative value of evidence is outweighed by the danger of confusing issues or by sheer waste of time. *See* Rule 403, M.R.Evid.; *State v. Berube*, Me., 297 A.2d 884 (1972). We are unable to conclude that the trial court abused its discretion in excluding evidence of Morgan's problems.

▮ Second, appellants argue that the court erred in refusing to admit into evidence the actual text of the collective bargaining agreement governing employment relations in the Portland Public Works Department. The purpose of the proffered evidence was to show that the rules on overtime pay were complex and that the appellants could not be sure that they were being overpaid. Extensive testimony con-

cerning the agreement was already in the record. The court properly refused to admit the actual agreement because the other testimony was clear and uncontradicted. Thus, the agreement was only cumulative evidence.

The entry is:

Appeals denied.

Judgments affirmed.

DELAHANTY, J., did not sit.