**STATE of Maine**

**v.**

**Emile Joseph VOISINE.**

Supreme Judicial Court of Maine.

Sept. 29, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Stephen M. Sumner, Law Student (orally), for plaintiff.

Ellsworth T. Rundlett, III (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Appellant Voisine was indicted for conspiracy to commit the crime of cheating by false pretenses in violation of the former 17 M.R.S.A. § 951 (1964) and for cheating by false pretenses in violation of the former 17 M.R.S.A. § 1601 (1964). A jury found appellant guilty on both counts, and he appeals, challenging the sufficiency of the evidence.

The facts developed in the trial showed that the timekeeper for the Portland Department of Public Works, Roderick Morgan, had caused certain employees to be overpaid. Morgan testified he had made a practice of falsely attributing extra hours of work, usually in increments of eight hours, to thirteen or fourteen employees of the department, including appellant. He said that about half a dozen employees received overpayment more often than the others but said he could not remember whether appellant was one of them. He testified that he padded the hours of those employees whom he considered unfairly treated when promotions were made. Morgan admitted that some of the employees paid him kickbacks after they had been overpaid but said he could not remember whether appellant was one of those employees.

Morgan denied that there was any formal kickback arrangement with overpaid employees and he denied also that he ever told anyone that there had been such an arrangement. Over appellant's objection on the ground of hearsay, the State introduced the testimony of Mr. Flaherty, director of public works for the city, to the effect that, in a meeting in the city manager's office at which Flaherty was present, Morgan had admitted to a kickback arrangement with employees whose hours he had padded whereby Morgan received one-third of the excess amounts and the employees kept two-thirds. Appellant did not ask for an instruction limiting the effect of Mr. Flaherty's testimony to the impeachment of Morgan's inconsistent testimony, and the presiding justice did not volunteer such an instruction.

The testimony of an auditor showed that appellant was overpaid twenty-two times in three years and that the overpayments averaged $49. The overpayments ordinarily occurred in weeks when appellant logged well over forty hours of work time.

The trial court instructed the jury that in order to convict appellant of conspiracy to cheat by false pretenses they had to find beyond a reasonable doubt that appellant "had knowledge of the alleged conspiratorial acts of Roderick Morgan and with this knowledge wilfully entered into an agreement or conspired with Roderick Morgan to carry out the agreement by his act of dispassion, acquiescence or approval of the acts." The court also charged that in order to find appellant Voisine guilty of cheating the jury must find him guilty of conspiracy to cheat. Appellant moved seasonably for a judgment of acquittal and on appeal asserts that the evidence was not sufficient to support the jury's verdicts.

The question for our review upon a challenge to the sufficiency of the evidence is whether in view of all the evidence, including reasonable inferences to be drawn therefrom, the jury was warranted in believing beyond a reasonable doubt that all elements of conspiracy to cheat were proved and that defendant was guilty.

**1198**

State v. Chamberland, Me., 385 A.2d 50 (1978). Though conspiracy must often be proved by circumstantial evidence, the jury may not convict on suspicion, conjecture or surmise. State v. Parento, 135 Me. 353, 197 A. 156 (1938). In this case, under the court's instructions, to find Voisine guilty on either count the jury was required to find beyond a reasonable doubt that there was an agreement between appellant and Morgan.

■ The evidence gave the jury a basis for believing that appellant was one of six or seven employees who received substantial and repeated overpayments and that Roderick Morgan had an agreement with some recipients of overpayments whereby they would share some of the overpayments with him. In view of Mr. Flaherty's testimony, the jury would have been justified, also, in concluding that Morgan was not telling the truth when he said that he could not remember with which employees he had had a kickback arrangement, or that there had been no arrangement for a one-third–two-thirds split of excess payments, or that he had never told anyone of such an arrangement. Moreover, the jury had the opportunity to observe Morgan as he asserted his inability to remember. The proof was strong that appellant was one of the half-dozen persons who had received, in a three-year period, twenty or more paychecks with overpayments averaging nearly fifty dollars each.

From all the evidence the jury could have properly inferred that beyond a reasonable doubt he was a knowing participant in the payroll padding scheme. In drawing that inference, the jury could have found, under the trial justice's quoted instruction, that Voisine entered into an agreement with Morgan by acquiescing in or approving Morgan's acts through repeatedly cashing padded paychecks and keeping the proceeds. Under the instruction, which was not objected to, Voisine's liability for conspiracy did not depend on his having an agreement before he began cashing checks. It sufficed, under the charge, for the jury to find that at some point appellant entered into an agreement with Morgan by manifesting approval of his acts.

The entry is:

Appeal denied.

Judgment affirmed.