STATE of Maine

v.

Gary PENDEXTER.

Supreme Judicial Court of Maine.

Argued May 1, 1985.

Decided July 26, 1985.

Alan F. Harding, Asst. Dist. Atty. (orally), Presque Isle, for plaintiff.

Stevens, Engels, Bishop & Sprague, Jonathan W. Sprague (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

After a jury trial in Superior Court (Aroostook County), the Defendant, Gary Pendexter, was convicted of unauthorized use of property. (17–A M.R.S.A. § 360 (1983)). On appeal, the Defendant contends that the presiding justice had not responded appropriately to what the Defendant asserted was an improper comment by the prosecutor in summation, and he further challenges the sufficiency of the evidence to convict him. Finding no error, we deny the appeal.

In his closing argument the prosecutor referred to a witness as "an admitted thief and an admitted liar." The Defendant argues that this comment amounted to an improper expression of prosecutorial opinion, and that the presiding justice should have given a curative instruction addressing this remark or, in the alternative, granted the Defendant's motion for a mistrial.

Our rules and opinions make clear that it is improper for a prosecutor to express his personal opinion on the credibility of a defendant or of a witness. *See, e.g., State v. Smith,* 456 A.2d 16, 18 (Me.1983); *State v. Reilly,* 446 A.2d 1125, 1128–29 (Me.1982); M.Bar.R. 3.7(e)(2)(v). However, not all references to the credibility of the defendant or a witness are improper. *See, e.g., State v. Johnson,* 472 A.2d 1367, 1373 (Me.1984). The central question is whether the comment is fairly based on the facts in evidence. *See, e.g., Reilly,* 446 A.2d at 1128–29. Here, this witness freely admitted at trial that he had stolen the vehicle that was the subject of the case, and he acknowledged that he had subsequently lied to the owner of the vehicle when confronted with his accusation. The comment, therefore, was adequately based on the facts in evidence.

Neither do we find merit in the Defendant's challenge to the sufficiency of the evidence. Viewing the evidence in the light most favorable to the State, as we

must, we cannot say that no trier of fact could have rationally found guilt beyond a reasonable doubt. *State v. Clarke,* 470 A.2d 795, 795 (Me.1984); *State v. McKenney,* 459 A.2d 1093, 1096 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.