## STATE of Maine

v.

### Earlon S. VARNEY, Jr.

Supreme Judicial Court of Maine.

Argued May 12, 1989.

Decided June 22, 1989.

Paul Aranson, Dist. Atty., Laurence Gardner, Deputy Dist. Atty. Caroline Gardiner (orally) Law Student, Portland, for plaintiff.

Mark E. Dunlap (orally) Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Earlon S. Varney, Jr. appeals from judgments of conviction on five counts of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1988), entered on a jury verdict in the Superior Court (Cumberland County, *Lipez,*

*J.*). Varney claims the court erred by allowing the jury to deliberate in violation of 14 M.R.S.A. § 1106 (1980),[1] by denying his motion for a new trial and by permitting improper closing argument. We affirm.

## I.

The 13 year old male victim testified at trial that Varney engaged him in various sexual acts constituting gross sexual misconduct. Varney testified that he committed no such sexual acts. After retiring to deliberate at 2:50 p.m., the jury returned notes to the court concerning their deliberations on three separate occasions. On the last occasion at 9:50 p.m., Varney expressly requested that the jury deliberate further. The jury returned a guilty verdict at 10:47 p.m.

In support of his motion for a new trial, Varney presented evidence that a jury officer had received a note from one of the jurors at about 7:10 p.m. stating her car was in a parking garage that closed at 11:00 p.m. Without preserving the note, the officer informed the court of its contents and ascertained that six cars were similarly situated. The officer arranged access to them, but did not inform the jurors until they were ready to leave. The court denied the motion.

## II.

■ We do not decide today whether 14 M.R.S.A. § 1106 is applicable to criminal trials or whether its terms were violated in this case. We decide only that, once in jeopardy, Varney had a constitutional right to a verdict from the jury, absent his consent or manifest necessity. *State v. Linscott*, 416 A.2d 255, 260 (Me.1980). On this record, his choice that the jury continue its deliberation would not be superseded by the statutory limitation. *See id. See also State v. Friel*, 500 A.2d 631, 634–35 (Me. 1985).

**1.** That statute provides:
§ **1106. Disagreement in jury; instructions**
When a jury, not having agreed, returns into court stating the fact, the justice may, in his discretion, explain any questions of law if proposed to him or restate any particular testimony

■ We are more troubled by the facts developed at the new trial hearing simply because the court and both counsel should have been fully and contemporaneously informed of any jury communications that occurred during the jury's deliberations. Only when fully informed could counsel act to protect their interests and the court avoid the *post facto* determination concerning the parties' interest in a fair trial. We conclude, nevertheless, that the court acted within its discretion in denying the motion for a new trial because the evidence does not compel a finding that the jury verdict was coerced. *See State v. Cote*, 507 A.2d 584, 586 (Me.1986).

Because Varney did not object to the prosecutor's final argument, we review for obvious error pursuant to M.R.Crim.P. 52(b) and find none.

The entry is:

Judgment affirmed.

All concurring.

and send them out again for further consideration. They shall not be sent out a 3rd time in consequence of their disagreement unless on account of difficulties not stated when they first came into court.