STATE of Maine

v.

**Salvatore RUBINO.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1989.
Decided Sept. 15, 1989.

Janet Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty., Auburn, for the State.

Kaighn Smith, Berman, Simmons & Goldberg, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

In a jury trial in Superior Court (Androscoggin County, *Brodrick, J.*), Salvatore Rubino was convicted of two counts of Class A gross sexual misconduct committed against his twin stepdaughters when they

were under 14 years of age. 17–A M.R.S.A. § 253(1)(B) (Supp.1988). Through new counsel on appeal, Rubino contends that 1) a variance between the proof offered by the State and the charges in the indictment, as well as the Superior Court's jury instruction on the subject, constitute reversible error; 2) the Superior Court erred in allowing the State to reopen a witness's testimony, and by allowing in evidence testimony regarding Rubino's prior bad acts; 3) strategy errors by his retained trial counsel deprived him of effective assistance of counsel; 4) the State's closing argument improperly prejudiced him; and 5) there was insufficient evidence for the jury to convict him on Count I. Defendant fails to establish any ground for this appellate court to disturb either of his convictions.

In 1981 Rubino married a woman who had three children from a previous marriage, a son and twin daughters. The twin girls were born on December 12, 1972. Between 1981 and 1985 the family moved back and forth between Lewiston and various locations in Connecticut. From 1985 until the present, the girls and their mother have lived in Lewiston.

In 1986, when the girls were thirteen years old, they separately reported to the Lewiston Police Department that Rubino had sexually abused them. On October 13, 1987, a grand jury indicted Rubino on two counts of gross sexual misconduct, Class A. During testimony at trial, neither girl could match exact dates with the specific incidents of abuse to which she testified. However, each girl testified that the proscribed contact occurred in Lewiston and identified the addresses at which the family resided when the contact occurred. Their mother later testified to the dates during which the family had lived at the various addresses. Rubino denied that he had abused the girls and denied that he had ever been alone with them from 1981 until he became estranged from their mother in 1986.

On June 3, 1988, the jury found Rubino guilty on both counts. At his later sentencing hearing Rubino requested new counsel on the grounds that his trial representation

had been inadequate. The Superior Court denied this *pro se* motion and sentenced Rubino to seven years' imprisonment on both counts, running concurrently. However, after Rubino filed notice of appeal to the Law Court, the Superior Court granted his motion for appointment of new counsel on appeal.

## I.

### *Alleged Variance Between Indictment and Proof*

■ Rubino contends that the grand jury indictment, which identified the dates of the proscribed contact as "on or about" April 15 and November 30, 1985, was insufficient to apprise him of the charges and to allow preparation of his defense. Rubino, however, never requested a bill of particulars. In this circumstance, "the date of the unlawful sexual conduct is not an essential element of the offense except to the extent that the State must prove that the alleged act took place within the applicable statute of limitations and the prescribed age limits of the alleged victims." *State v. Levasseur,* 538 A.2d 764, 767 (Me.1988). *See also State v. Greene,* 512 A.2d 330, 333–34 (Me. 1986). The State put forth sufficient evidence that the alleged acts took place within the applicable time period, namely, before the girls' 14th birthday and October 13, 1981. *See* 17–A M.R.S.A. § 8(2)(A) (1983) (6–year statute of limitations). The indictment was fully adequate to apprise Rubino of the charges against him.

■ Rubino also contends that the trial court improperly instructed the jury as to the necessary connection between the dates specified in the indictment and the proof offered at trial. Because Rubino failed to object to the instruction before the jury retired, we review for obvious error and find none. When read as a whole, the instructions are entirely correct and would not confuse or mislead the jury. *See State v. Young,* 560 A.2d 1095 (Me.1989); *State v. Naoum,* 548 A.2d 120 (Me.1988); M.R. Evid. 103(d); M.R.Crim.P. 52(b).

## II.

### Alleged Evidentiary Errors

Rubino argues that the trial court erred by allowing the State to elicit evidence of abuse occurring outside Maine and by allowing the State to recall a witness for further testimony after the witness had stepped down.

■ Under M.R.Evid. 404(b), testimony as to prior bad acts cannot be admitted to prove action in conformity therewith, but can be admitted to show the relationship between the defendant and the victim, the defendant's intent, or the defendant's opportunity to commit the crime. *See State v. DeLong*, 505 A.2d 803, 805–06 (Me.1986). There was no error in admitting the testimony in question for these purposes, especially since Rubino's trial counsel took the lead in developing much of it and never requested a limiting instruction with regard to its use.

■ Rubino argues that the victim named in Count I was unable to remember her exact age when the abuse occurred and that only after the State was allowed to recall her was she able to state that age. The decision whether to allow recall of a witness rests within the sound discretion of the trial judge. *See Department of Human Servs. v. Thibeault*, 561 A.2d 486 (Me.1989). Contrary to Rubino's assertion, the witness did not testify as to any new facts when recalled, and defense counsel took advantage of his continued opportunity for cross-examination. There was no abuse of discretion in allowing the State to reopen the witness's testimony in this instance.

## III.

### Alleged Ineffective Assistance of Counsel

■ Rubino argues on appeal that the counsel he retained for trial pursued a strategy that was manifestly unreasonable and resulted in substantial prejudice against him. He alleges that his trial counsel first drew attention to prior bad acts, impliedly assumed in his opening statement the burden of proof on the issue of guilt or innocence, and attacked the victims' credibility by reference to a patently offensive collateral matter. "Only where the record plainly establishes representational difficulties that are 'plainly beyond explanation or justification' can a criminal defendant raise the ineffective assistance of counsel argument on direct appeal." *State v. Gilcott*, 420 A.2d 1238, 1240 (Me.1980) (citation omitted). Despite the fact that the trial counsel appears to have made some errors in judgment, we cannot say on this record that his strategy or conduct during the trial was plainly beyond explanation or justification, so as to be reviewable on direct appeal. This ruling does not foreclose post-conviction review. *See id.*

## IV.

### Alleged Impropriety in State's Closing Argument

■ Rubino contends that the prosecutor provided the jury with the specific dates and locations of abuse under Count I when the victim's testimony failed to do so. He also contends that the prosecutor in effect testified to his own beliefs on the psychology of abused children while explaining the victims' problems with remembering exact dates. Because Rubino did not object to the State's closing argument at trial, we review only for obvious error. *See State v. Varney*, 560 A.2d 565, 566 (Me.1989). The trial transcript shows that the testimony of the Count I victim adequately established that she was less than 14 years of age in the period of the abuse. And taken in their total context, the prosecutor's remarks do little more than appeal to the jury's common sense and experience. There is no error here, let alone obvious error.

## V.

### Alleged Insufficiency of the Evidence on Count I

■ Rubino alleges that the evidence presented was insufficient to support his conviction on the first of the two counts of the indictment. However, the State produced competent evidence that Rubino had

proscribed sexual contact with the victim in Lewiston between October 13, 1981, and December 12, 1986, when she turned fourteen. Her testimony was not unreasonable and the jury apparently found her to be a credible witness. Based on the evidence viewed in the light most favorable to the prosecution, the jury rationally could find beyond a reasonable doubt every element of the offense charged in Count I. *See State v. Barry*, 495 A.2d 825, 826 (Me. 1985).

The entry is: Judgments affirmed.

All concurring.