STATE of Maine

v.

Pornchai MOONTRI.

Supreme Judicial Court of Maine.

Argued Sept. 6, 1994.

Decided Oct. 24, 1994.

Michael E. Carpenter, Atty. Gen., Kathleen A. Roberts, (orally), Asst. Atty. Gen., Augusta, Attorney for the State.

Bruce A. Jordan, (orally), Archer, Perry & Jordan, P.A., Brewer, Attorney for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, and DANA, JJ.

WATHEN, Chief Justice.

Defendant Pornchai Moontri appeals from judgments entered in the Superior Court (Penobscot County, *Kravchuk, J.*) following a jury verdict finding him guilty of intentional or knowing murder and depraved indifference murder, 17–A M.R.S.A. § 201(1)(A)(B) (1983), aggravated assault and attempted aggravated assault, 17–A M.R.S.A. § 208 (1983), criminal threatening with a dangerous weapon, 17–A M.R.S.A. § 209 (1983), and assault, 17–A M.R.S.A. § 207 (1983). Defendant first contends that the State made improper comments during cross examination and closing argument. Defendant also argues that the Superior Court erred by admitting into evidence gruesome photographs of the murder scene, and challenges the sufficiency of the evidence relating to his conviction for intentional or knowing murder and depraved indifference murder. We find no merit in defendant's contentions and affirm the judgments.

The evidence presented at trial may be summarized as follows: On March 21, 1992, defendant, accompanied by his friend Danny Williams, attempted to steal a six-pack of beer from a Shop & Save supermarket in Bangor. When confronted by the store manager and another employee, defendant pulled a knife and attacked them, stabbing the employee in the back as he attempted to flee. Michael McDowell, another Shop & Save employee, was out in the parking lot and had seen the confrontation through the store windows. When defendant and Williams came out of the store they attacked McDowell. At first McDowell tried to defend himself, but then he fell to the ground and bent over in an attempt to ward off the blows. McDowell tried twice to get up and as he fell back defendant and Williams renewed their attack. Defendant stabbed McDowell repeatedly. McDowell finally escaped and collapsed on a bench; he died from blood loss as a result of multiple stab wounds. Defendant fled but was arrested later that same night.

At trial, during re-cross examination of the defendant's brother in an attempt to rebut his testimony that he and defendant had previously been victimized by a gang of youths, the State displayed the store manager's red smock and asked if the gang had worn red smocks from Shop & Save. Defendant's objection was sustained by the court, but he did not contemporaneously move for a mistrial, ask for curative instructions, or make a motion to strike. Three days later, defendant moved for a mistrial and the court denied the motion.

The court's denial of the motion for a mistrial is reviewed only for obvious error because defendant's motion, made three days after the State's alleged misconduct, was untimely. *See State v. Bedrin,* 634 A.2d 1290, 1291, 1292 (Me.1993) (citation omitted). Obvious error is a seriously prejudicial error tending to produce such manifest injustice that the Court cannot, in good conscience, let the decision stand. *Id.* at 1292. In this case, the smock had been properly admitted in evidence. The State displayed it in an attempt to demonstrate the obvious absence of any relationship between prior racial incidents and the acts in question. The question was argumentative and the court sustained defendant's objection. Nothing further was required, and we find neither error, nor obvious error.

Defendant also asserts that the State's comments in closing argument represent improper prosecutorial comment. Be-

cause defendant failed to object at trial, we review only for obvious error. The State attempted to explain inconsistencies between the testimony of the numerous eyewitnesses by suggesting that it is not unusual for witnesses to have different recollections of the same event.[1] While the State did use the unfortunate phrase "I think," ill-chosen words do not necessarily rise to the level of obvious error. *See State v. Comer,* 644 A.2d 7, 10 (Me.1994). During closing argument, the State may appeal to the jury's common sense and experience without crossing the line into prohibited argument. *State v. Rubino,* 564 A.2d 59, 61 (Me.1989). In this case, we find that the State appealed to the jury's common sense by referring to the different perceptions of people witnessing a traumatic event.

■■■ The State also argued in closing that "Danny Williams' description of what happened out there is not the way it happened."[2] A lawyer is permitted to "argue on his analysis of the evidence, for any position or conclusion with respect to the matters stated therein," M.Bar R. 3.7(e)(2)(v), and the central question is whether the comment is fairly based on facts in evidence, or improperly reflects a personal belief that the witness is a liar. *See State v. Pendexter,* 495 A.2d 1241 (Me.1985). Williams was the only witness who testified that McDowell had the upper hand in the fight with defendant; five others testified that defendant attacked McDowell and that McDowell bent over with his hands over his head in an effort to protect himself. When viewed in context, the State's comment is based on the evidence and does not rise to the level of impropriety that existed in *State v. Tripp,* where the State repeatedly and pointedly questioned the defendant about whether the victim had lied on the stand and also implied in closing that the defendant had testified falsely. 634

A.2d 1318, 1319–20 (Me.1994). In *Comer,* 644 A.2d at 10, under facts similar to those in the instant case, we found no obvious error where the prosecutor commented on the veracity of a witness, but did not ask questions which compelled the defendant to accuse a witness of lying. Likewise, we find no obvious error here. The State also made comments regarding the defendant's motivation.[3] An examination of the record shows that these statements were fairly based on testimony of a clinical psychologist, called by defendant, who opined that defendant was a father figure to Williams; consequently we find no obvious error.

■■■ Defendant next asserts that the Superior Court erred by admitting in evidence photographs of the murder scene depicting the bloody bench on which McDowell collapsed. We review this evidentiary ruling for abuse of discretion. *State v. Shuman,* 622 A.2d 716, 718 (Me.1993). It is "settled law in this jurisdiction that the admissibility of photographs is left largely to the discretion of the presiding Justice." *State v. Conwell,* 392 A.2d 542, 544 (Me.1978). In making a discretionary judgment on the admissibility of a photograph, the trial court "must strike a rationally justifiable balance between the evidentiary value of the depiction afforded by the photograph in the total circumstances of the trial, on the one hand, and its potential, on the other hand, to cause inflammatory prejudice because of the gruesome aspects of the depiction." *State v. Conner,* 434 A.2d 509, 512 (Me.1981). Here, the trial court determined that the photograph's probative value, in corroborating testimony of the investigating officer regarding where the stabbing took place, was not substantially outweighed by the danger of unfair prejudice. This decision was well within the discretion of the Superior Court.

1. "As we suggested to you at the beginning of the case, I think it was borne out during the course of the testimony here, its not at all unusual for a group of people, even a large group of people, who observe an exciting, quick, traumatic event from different perspectives to observe it and record it differently."

2. The State continued: "Mr. Williams told you that McDowell and Pornchai fought and that

they were both throwing punches and that it looked like McDowell was getting the upper hand. And that's not true. Because Pornchai had a knife and he didn't punch McDowell, he stabbed him."

3. "Pornchai Moontri wasn't about to be humiliated in front of all these people, including his friends. And he stood up and pulled a knife."

Contrary to the defendant's final contention, our review of the record discloses that the jury could rationally find beyond a reasonable doubt that defendant acted intentionally, knowingly, and with depraved indifference to the value of human life in causing Michael McDowell's death. *See State v. Tempesta*, 617 A.2d 566, 567 (Me.1992).

The entry is:

Judgments affirmed.

All concurring.