STATE of Maine

v.

Leslie HOFFSTADT.

Supreme Judicial Court of Maine.

Argued Sept. 20, 1994.

Decided Jan. 10, 1995.

Stephanie Anderson, Dist. Atty., Julia Sheridan (orally), Asst. Dist. Atty., Portland, for the State.

Karen Dostaler (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Leslie Hoffstadt appeals from a judgment of conviction for unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1994), entered in the Superior Court (Cumberland County, *Fritzsche, J.*) following a jury trial.

He contends that (1) the evidence was insufficient to support the jury's guilty verdict, (2) the trial court erred in excluding evidence of the victim's allegations of prior sexual abuse, and (3) statements made during the State's summation deprived him of a fair trial. Finding no error or abuse of discretion, we affirm the judgment.

The victim was five years old at the time of the incidents leading to the charges against Hoffstadt. At trial, she testified to two incidents when Hoffstadt, a friend of the victim's family who often visited the victim's home, touched her in the "private area."[1] The victim disclosed the incidents after she was confronted about engaging in play of a sexual nature with another child, saying that she learned about such things from Hoffstadt. She gave conflicting reasons for not telling her mother about the incidents when they happened, saying both that she did not want to hurt her mother, and that she thought Hoffstadt would hurt her mother. At trial, it was made clear that Hoffstadt never said anything to the victim about hurting her mother.

**I.**

Hoffstadt contends that the evidence was insufficient to support the conviction, relying on several inconsistencies in the victim's testimony, especially her conflicting explanations of why she did not immediately disclose the incidents. He also points to her testimony that she remembered things, and then did not remember them. He argues that her story is contradictory, unreasonable, and incredible.

The standard to determine if evidence at a criminal trial is sufficient to support a finding of guilty is "whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry,* 495 A.2d 825, 826 (Me.1985); *see also State v. Glover,* 594 A.2d 1086, 1088 (Me. 1991).

1. Hoffstadt was originally charged with three counts of unlawful sexual contact. At the trial, the victim testified to two incidents. The court granted a motion for a judgment of acquittal on one of the counts. *See* M.R.Crim.P. 29(a). The jury returned a verdict of not guilty on one count.

It is well established that the "uncorroborated testimony of a victim, if not inherently improbable or incredible or failing the test of common sense, is sufficient to sustain a verdict of guilty of a sexual crime." *State v. Pelletier,* 534 A.2d 970, 972 (Me. 1987); *see also State v. Preston,* 581 A.2d 404, 409 (Me.1990); *State v. Allen,* 462 A.2d 49, 53 (Me.1983); *State v. Pierce,* 438 A.2d 247, 252 (Me.1981). The presence of inconsistencies in such testimony does not automatically render the testimony insufficient. *See, e.g., State v. Philbrick,* 551 A.2d 847, 852 (Me.1988) (verdict sustained despite inconsistencies between sexual abuse victim's testimony and statements made to hospital staff and police shortly after incident); *State v. Whiting,* 538 A.2d 300, 302 (Me.1988) (verdict sustained despite conflicting evidence of when victim told her mother of sexual encounter and victim's failure to tell Department of Human Services worker about attempted intercourse until two months after interview where victim described sexual touching). Although the victim's testimony was inconsistent in certain respects, it contained no "gross, unexplained self-contradictions," *Preston,* 581 A.2d at 409, that would require the conviction to be vacated. She clearly related facts describing the elements of the charge. Viewed in the light most favorable to the State, the evidence was sufficient for the jury rationally to conclude that the defendant committed unlawful sexual contact.

## II.

Hoffstadt contends that the court impermissibly excluded evidence that the victim had reported that a teenage relative had touched her private area on an occasion prior to the touchings involving Hoffstadt. The event was reported to the police at the same time as the Hoffstadt incidents. Hoffstadt argues that the evidence of the report was admissible pursuant to *State v. Jacques,* 558 A.2d 706 (Me.1989), to rebut the jury's presumption of sexual naiveté on the part of the young victim and inference that Hoffstadt

had to be the sole source of her knowledge of sexual matters. He also contends that the evidence was admissible on the issue of the victim's credibility. We are unpersuaded by either contention.

Evidence of past sexual activity of a victim in a case involving sexual assault or abuse is generally not admissible because it is irrelevant. *See State v. Rossignol,* 490 A.2d 673, 675 (Me.1985); *see also* M.R.Evid. 412; P. Murray, *Maine Evidence* § 412.1 at 4–95 (3d ed. 1992). As an exception to the general rule, the prior sexual activity of a child victim may be admissible when the child's testimony against a defendant discloses knowledge of sexual matters that is extraordinary for her age and creates an inference that the only possible source of the child's knowledge would be the sexual contact involving the defendant. *State v. Gilman,* 637 A.2d 1180, 1181 (Me.1994); *State v. Knox,* 634 A.2d 952, 953 (Me.1993). Evidence of other sexual contact activity of the child witness may be admissible to rebut that inference. *Jacques,* 558 A.2d at 708.

In this case, the child victim described the touching of her "privates" and "private area." The court concluded that the victim displayed no extraordinary sexual knowledge and that the presumption of naivete requiring rebuttal did not arise. Such a finding by the court is not clear error, and its decision to exclude evidence of the victim's prior complaint was within its discretion. *Gilman,* 637 A.2d at 1181 (child victim using terminology such as "my private," "my crotch," and "my front" did not constitute extraordinary sexual knowledge so as to trigger need to allow evidence of prior allegations of sexual abuse made by victim).

In addition, Hoffstadt argues that he was entitled to have the evidence admitted on the issue of the victim's credibility to demonstrate that the victim herself named a person in addition to Hoffstadt who had touched her private area. The court excluded the evidence pursuant to M.R.Evid. 412(a)[2] and M.R.Evid. 403.[3] Because the

---

**2.** M.R.Evid. 412(a) provides:

In a criminal case in which a person is accused of rape, gross sexual misconduct, or sexual abuse of a minor, reputation or opinion evidence of past sexual behavior of an alleged victim of such crime is not admissible.

**3.** M.R.Evid. 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially out-

charge in this case is unlawful sexual contact, an offense not specifically covered in its provisions, rule 412 is not an absolute bar to the admissibility of past sexual activity on the part of the victim. Neither, however, does rule 412 provide for the admissibility of such evidence. Rather, the admissibility of past sexual activity relating to the victim is governed by other rules concerning relevancy and impeachment. M.R.Evid. 412 advisory committee's note to 1983 amend., Me.Rptr., 449–458 A.2d LXXI; *Maine Evidence* at 4–96.

■■■ The court also relied on rule 403 in excluding the evidence, concluding that admitting it risked diverting the jury's attention toward a "separate trial" as to the circumstances of the report of the other abuse, and the abuse itself. Trial courts are given broad discretion pursuant to rule 403 to exclude evidence that may otherwise have some relevance when the probative value of the evidence is substantially outweighed by other considerations. *See State v. Dean*, 589 A.2d 929, 933 (Me.1991); *State v. Clough*, 391 A.2d 361, 362 (Me.1978). When the reason for exclusion is confusion of the issues or danger of misleading the jury, the court should not be hesitant to exclude the evidence. It is the court's duty to see that the jury is not distracted by collateral matters. *Maine Evidence* at 4–16; *see Clough*, 391 A.2d at 362 (within discretion of court to exclude evidence about specific troubles in life of State's key witness). The court's decision to exclude the evidence concerning the report of another instance of abuse was well within its discretion.[4]

> weighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

4. It should be noted that the evidence did come in indirectly. On cross-examination, defense counsel questioned the victim as follows:

> Q: And your mom asked you about what happened?
> A: Yes.
> Q: So you blamed [the defendant] for showing you how to do that, right?

## III.

■■■ Hoffstadt's final contention is that he was deprived of a fair trial by the closing arguments of the State. He argues that these comments were an impermissible statement of the State's belief that the victim and the victim's mother were telling the truth. We disagree. All attorneys are prohibited from expressing a personal opinion regarding the credibility or truthfulness of a witness. *See* M.Bar R. 3.7(e)(2)(v).[5] This is particularly true for a prosecutor who, as an agent of the State, is "cloaked with the responsibility of promoting justice, not just winning cases." *State v. Marshall*, 628 A.2d 1061, 1062 (Me.1993); *see also State v. Reilly*, 446 A.2d 1125, 1128 (Me.1982). The State, however, is not barred from commenting on the fact that witness credibility is a crucial issue in a case. *See State v. Hinds*, 485 A.2d 231, 238 (Me.1984).

■■■ The central question is whether the comments are fairly based on the facts in evidence. *State v. Pendexter*, 495 A.2d 1241, 1241 (Me.1985). The record in this case discloses that the State did not give its personal opinions as to witness credibility, but rather suggested to the jury that the testimony of the victim and her mother was properly motivated by truth and not fabricated because of bias against Hoffstadt, or because the victim wanted to shift blame for what she was observed doing with another young child in the neighborhood. The State pointed toward the inferences that it wanted the jury to draw from the evidence, and

> A: Yes and he did that.
> Q: He wasn't the only one though?
> A: No.

5. M.Bar R. 3.7(e)(2)(v) provides:

> (2) In appearing in a professional capacity before a tribunal, a lawyer shall not:
> ....
>   (v) Assert a personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but a lawyer may argue, on the lawyer's analysis of the evidence, for any position or conclusion with respect to the matters stated therein.

argued "[its] analysis of the evidence for [a] ... conclusion [of the defendant's guilt.]" M.Bar R. 3.7(e)(2)(v); *see also State v. Weeks,* 634 A.2d 1275, 1276–77 (Me.1993); *State v. Berkley,* 567 A.2d 915, 920 (Me.1989); *Pendexter,* 495 A.2d at 1241; *Hinds,* 485 A.2d at 238. We discern no error in the State's closing argument.

The entry is:

Judgment affirmed.

All concurring.