1997 ME 74

**STATE of Maine**

v.

**Alston PORTER.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 14, 1997.

Decided April 10, 1997.

David W. Crook, District Attorney, Andew Benson, Asst. Dist. Atty., Skowhegan, for state.

M. Michaela Murphy, Daviau, Jabar & Batten, Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] Alston Porter appeals from a judgment entered in the Superior Court (Somerset County, *Marsano, J.*), after a jury-waived trial, finding him guilty of aggravated assault (Class B) in violation of 17-A M.R.S.A. 208(1)(C) (1983).[1] Porter's only contention

---

1. Section 208 provides:
   § 208. **Aggravated Assault**
      1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:
      **A.** Serious bodily injury to another; or
      **B.** Bodily injury to another with use of a dangerous weapon; or
      **C.** Bodily injury to another under circumstances manifesting extreme indifference to the value of human life. Such circumstances include, but are not limited to, the number, location or nature of the injuries, the manner or method inflicted, or the observable physical condition of the victim.

on appeal [2] is that the evidence is insufficient to meet the standard required for conviction pursuant to section 208(1)(C). He disputes that the circumstances amount to manifest extreme indifference to the value of human life within the meaning of section 208(1)(C), namely, that death or serious bodily injury to the victim was reasonably likely to result from his conduct. Concluding the evidence to be sufficient, we affirm the judgment.

[¶ 2] The victim of Porter's assault, who was home alone with her three-year-old son, testified that she was awakened early in the morning when there was "a hand across my mouth and the back of my head was being grabbed and my head was being twisted to the right severely hard." She testified that she felt that her neck was going to be snapped. She testified that the person's other hand was grabbing her hair and that she believed the person to be a man because of his strength. She also testified that at one point her head hit the wall behind the bed causing a large bump on the back of her head. She then was dragged to the floor and pulled into the hallway. As she hit the man with her hands and feet, she eventually kicked him hard enough so that he fell backwards. She got up, turned on a light, and recognized the man to be Porter. She said that she was yelling at him and that he asked her who she was. He then said that he thought he was in his own house. Porter turned and fled from the house. The victim testified that she sustained bodily injury to her cheeks, red marks on her neck, a bump on the back of her head, and that she lost hair for several days.

[¶ 3] Porter testified that he entered the victim's house intending to get some vodka and any money that was there. Porter testified that "I must have woke [her] up when I went by or whatever. I was looking around the room with a flashlight and she hollered and wanted to know who it was and what I wanted." He said that he grabbed the victim and "hauled her out of bed and was walking her down the hallway." He testified that he "kept her turned straight away from me."

He testified that he could see her hand groping the wall and that he was pushing her face away from him so that she could not identify him. Porter testified that when she turned on the light, they both fell to the floor. He testified that he came "back up with her," and he then let her go.

[¶ 4] The court denied a motion for a judgment of acquittal and subsequently concluded that Porter was guilty of aggravated assault. The court stated that it had "no doubt that [Porter] was acting recklessly. I have no doubt at all but that the injuries amount to that which is required under Section 208. It seems to me that in the manner or method in which in the injuries were inflicted that there was clearly an aggravated assault...." Porter requested no further findings of fact, and this appeal followed.

[¶ 5] When reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State to determine whether a factfinder rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Hoffstadt*, 652 A.2d 93, 94 (Me.1995). The factfinder is entitled to weigh conflicting evidence in determining the guilt or innocence of the defendant, *State v. Hinds*, 485 A.2d 231, 235 (Me.1984), and we will vacate a finding of guilt only if the factfinder rationally could not have reached that conclusion on the basis of the evidence before it. *State v. Caouette*, 462 A.2d 1171, 1176 (Me.1983). In addition, when a defendant fails to request further findings of fact, we will deem the trial court to have made such findings of fact as are supported by the evidence and that are necessary to sustain the court's ultimate conclusion. *State v. Dodd*, 503 A.2d 1302, 1307 (Me.1986).

[¶ 6] Porter contends that insufficient evidence exists on the record to support a conviction for the crime of aggravated assault pursuant to the "extreme indifference to the value of life" provision of section 208(1)(C). Section 208(1)(C) (1983) provides:

## § 208. Aggravated Assault

**2.** Porter also was charged with attempted murder, assault, burglary, possession of a firearm by a felon, violation of a condition of release, and violation of an order for protection from abuse. He was acquitted of attempted murder and assault but convicted of the remaining charges.

1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

. . .

C. Bodily injury to another under circumstances manifesting extreme indifference to the value of human life. Such circumstances include, but are not limited to, the number, location or nature of the injuries, the manner or method inflicted, or the observable physical condition of the victim.

It is not seriously disputed that Porter's victim suffered bodily injury. *State v. Dodd*, 503 A.2d at 1304; 17–A M.R.S.A. § 2(5) (1983). Pursuant to section 208(1)(C), however, the bodily injury must be inflicted "under circumstances manifesting extreme indifference to the value of human life." Extreme indifference requires "*a serious impairment to life as a value*—death or a serious bodily injury—that, not having occurred in fact, was nevertheless *reasonably likely* to result from a defendant's conduct in all of the circumstances surrounding it." *State v. Dodd*, 503 A.2d at 1306. In other words, a grave result must be reasonably likely. *Id.* We have construed a reasonable likelihood to mean "a not very high" likelihood of a serious result. *Id.* at 1304.[3]

■ [¶ 7] Porter argues that although the victim "could *possibly* sustain serious bodily injury or death in this struggle ... it cannot be said that death or serious bodily injury were reasonably likely to have occurred." Porter's contention is unpersuasive. The court was well aware of the extreme indifference to the value of human life elements that the State was required to prove and concluded that the State met its burden because of the manner and method used to inflict the injuries. The court accepted the victim's testimony in its entirety, including that the defendant twisted her head with severe force and that she felt her neck was about to snap. She also testified that he pulled her hair, and that he pulled her from the bed and dragged her down the hallway. The conclusion that

serious bodily injury was reasonably likely under the circumstances of this case is amply supported by that evidence. The court also found that Porter acted at least recklessly. Viewed in the light most favorable to the State, the evidence was sufficient to prove beyond a reasonable doubt that Porter caused bodily injury to the victim under circumstances manifesting extreme indifference to the value of human life within the meaning of section 208(1)(C). *State v. Dodd*, 503 A.2d at 1304. *State v. Anania*, 340 A.2d 207, 211 (Me.1975).

The entry is:

Judgment affirmed.

---

**3.** The "reasonable likelihood" or "not a very high" likelihood is to be distinguished from the "very high degree of risk of death or serious bodily injury" required to meet the definition of "conduct which manifests a depraved indiffer-

ence to the value of human life" within the meaning of 17–A M.R.S.A. § 201(B) (1983) (depraved indifference murder). *State v. Dodd*, 503 A.2d at 1305–1306. *See State v. Crocker*, 435 A.2d 58, 63–67 (Me.1981).